# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BENJAMIN P. LOPEZ,<br>    Plaintiff, | : | CASE NO. 3:19-cv-1765 (MPS) |
| v. | : | |
| GARY CONNORS, et al.,<br>    Defendants. | : | MARCH 31, 2020 |

## RULING AND ORDER

Plaintiff Benjamin P. Lopez, incarcerated at the Gilmer Federal Correctional Institution in Glenville, West Virginia, filed this case under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 288 (1971). On February 4, 2020, the Court determined that the case would proceed only on the claim against Chaplain Conners for violation of the plaintiff's rights under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb, *et seq.*, subject to the Supreme Court's decision in *Tanvir v. Tanzin*, 894 F.3d 449 (2d Cir. 2018). Initial Review Order, ECF No. 13 at 12. The Court afforded the plaintiff an opportunity to reassert his claim for denial of medical care if he could demonstrate that he had exhausted his administrative remedies on this claim before October 30, 2019. *Id.*

On February 24, 2020, the plaintiff filed an amended complaint. As the plaintiff names one defendant, Chaplain Conners, and includes allegations only relating to the religion claim, the Court considers the medical claim to be withdrawn. The plaintiff identifies his cause of action as a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C.

§ 2000cc-1 *et seq*. RLUIPA does not apply to the federal government. *See Ish Yerushalayim v. United States*, 374 F.3d 89, 92 (2d Cir. 2004) (RLUIPA does not create cause of action against federal government or its correctional facilities). Accordingly, any RLUIPA claim is dismissed and the case will proceed under RFRA as specified in the Initial Review Order.

The plaintiff also changes his name in the caption from Benjamin P. Lopez to Benjamin Lopez-Patino. The Clerk is directed to change the case caption accordingly.

In addition, the plaintiff has filed four miscellaneous motions. The plaintiff's first motion, filed on February 3, 2020, is entitled "Motion/For Other Papers." The body of the motion is a blank certificate of service. The certificate of service for the motion states that the plaintiff submitted a change of address but does not specify a date. Court records show that the plaintiff filed a notice of change of address on February 5, 2020. As the motion requestS no relief, it is denied.

The plaintiff's second motion, filed February 4, 2020, is entitled "Motion/Pleading Special Matters." The plaintiff states that he will be confined in segregation until August 2020 and has been having difficulty sending mail to the court. He asks the court to "certify his legal documents if the plaintiff does not answer any court orders which have a time frame." ECF No. 12. A review of the docket shows that the Court afforded the plaintiff thirty days to file an amended complaint and he complied with that order in twenty days. As the record shows no difficulty responding to court orders, the motion is denied.

In his third motion, the plaintiff seeks an extension of time to provide evidence regarding the retaliation claim dismissed in the initial review order. The Court dismissed the retaliation claim because First Amendment retaliation claims are not cognizable in an action under *Bivens v.*

2

*Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 288 (1971). ECF No. 13 at 6-8. As the claim is not cognizable additional evidence will not alter the Court's determination. Accordingly, the plaintiff's motion is denied.

The plaintiff's fourth motion is entitled "Motion for Certificate of Service." He states that his legal mail has been missing and that correctional staff do not open his legal mail in his presence. The plaintiff states that the actions of his unit manager, Mr. Clem, has caused him to miss two court orders. Again, a review of the docket shows that the plaintiff has not missed any deadline or failed to comply with any orders in this case. The plaintiff's motion is denied.

In conclusion, any RLUIPA claim is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and any medical claims have been withdrawn. The case will proceed on the RFRA claim against defendant Conners.

The Clerk is directed to change the case caption to reflect the change in the plaintiff's name from Benjamin P. Lopez to Benjamin Lopez-Patino.

The plaintiff's motions [**ECF Nos. 11, 12, 18, 20**] are **DENIED**.

**SO ORDERED** this 31st day of March 2020 at Hartford, Connecticut.

>                     /s/
> Michael P. Shea
> United States District Judge