UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BENJAMIN LOPEZ-PATINO, : | | |
| Plaintiff, | : | CASE NO. 3:19-cv-1765 (MPS) |
| | : | |
| v. | : | |
| | : | |
| GARY CONNORS, et al., | : | |
| Defendants. | : | JUNE , 2020 |
| | : | |

**RULING ON DEFENDANTS' MOTION TO VACATE *IN FORMA PAUPERIS* STATUS**

Plaintiff Benjamin Lopez Patino, incarcerated at the Gilmer Federal Correctional Institution in Glenville, West Virginia, filed this case under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 288 (1971). The defendants move to vacate the order granting the plaintiff's motion to proceed *in forma pauperis* in this case. In response, the plaintiff moves to strike the defendants' motion. For the following reasons, both motions are denied.

The Prison Litigation Reform Act ("PLRA") amended the statute governing proceedings filed *in forma pauperis*. In relevant part, Section 804(d) of the Prison Litigation Reform Act amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See Akassy v. Hardy*, 887 F.3d 91, 93 (2d Cir. 2018) ("'the PLRA contains a "three-strikes" rule that bars prisoners from proceeding IFP if they have a history of filing frivolous or malicious lawsuits,' with an exception provided for a prisoner who is in imminent danger of serious physical injury.") (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009)).

The defendants argue that the plaintiff's motion to proceed *in forma pauperis* should have been denied under the three-strikes provision because three prior cases were dismissed for failure to state a claim. They refer the Court to *Lopez v. Keller*, No. 0:19-cv-0116-GFVT (E.D. Ky. Nov. 13, 2019), in which the court found the plaintiff to be three-striked based on two sua sponte dismissals and one dismissal for failure to state a cognizable claim on a motion to dismiss. The Court agrees that the two sua sponte dismissals, *Lopez v. Wagner*, No. 3:08-cv-188-FM-NJG (W.D. Tex. May 27, 2010), *report and recommendation adopted* (W.D. Tex. June 29, 2010), and *Lopez-Patino v. Askew*, No. 3:18-ct-3228-D, 2019 WL 2252859 (E.D.N.C. Apr. 19, 2019), *report and recommendation adopted* 2019 WL 2255764 (E.D.N.C. May 24, 2019), constitute strikes.

The third case, *Lopez v. White*, No. 5:07-cv-163-FPS-JES, 2010 WL 152103 (N.D.W. Va. Jan. 14, 2010), had been ordered served on initial screening and was decided on a motion to dismiss or, alternatively, for summary judgment. In the decision, the court dismissed all claims against one defendant for lack of jurisdiction, noted that the case was subject to dismissal under 42 U.S.C. § 1997e(e) for failure to demonstrate a physical injury to support the claims for mental or emotional harm, and then considered the merits of the claims reviewing material filed by the defendants in doing so.

The Second Circuit concurs with other circuits in holding that to constitute a strike the entire case must be dismissed for one of the grounds enumerated in section 1915(g). *Escalara v.*

*Samaritan Village*, 938 F.3d 380, 382 (2d Cir. 2019).  In *Esclara*, the court held that a "mixed dismissal," for lack of jurisdiction and failure to state a claim did not constitute a strike because lack of jurisdiction is not an enumerated ground.  *Id*. at 383-84.  As the claims against one of the defendants in *Lopez v. White*, were dismissed for lack of jurisdiction, the case is a mixed dismissal and does not constitute a strike.   Thus, this Court disagrees with the determination of the Eastern District of Kentucky and concludes that the plaintiff has not yet accrued three strikes.

Defendants' motion [**ECF No. 26**] is **DENIED** and the plaintiff's motion [**ECF No. 27**] is **DENIED** as moot.

**SO ORDERED** this 10th day of June 2020 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge

3